No. 83-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

RICKY LEE YOUNG,

       Defendant and Appellant.

_____

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable J. Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mark A. Suagee, Havre, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena,
Montana
Ronald W. Smith, County Attorney, Havre, Montana

_____

Submitted on Briefs:  July 21, 1983

Decided: September 15, 1983

Filed:   SEP 15 1983

_____
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Ricky Lee Young appeals from a judgment of conviction against him of felony theft. He was tried in the District Court, Twelfth Judicial District, Hill County. We reverse and remand for a new trial.

Young was charged with the felony theft of a Hondo-180 acoustic guitar with strap and case, with a manufacturer's suggested retail price of $183, from Village Music store in Havre, operated and owned by Roger Beck. Young was not a regular employee of the store, but had previously done work for Beck on a commission basis. Young was in the store when Duane Stephenson of Fort Benton came to the store. Since Beck was busy, Young discussed with Stephenson the purchase of the guitar. Stephenson did not buy the guitar at the time because he wanted both of his daughters to take guitar lessons, and if either maintained an interest in the lessons, he would then buy a guitar. Young went to Beck after his conversation with Stephenson and asked if he could take the guitar home in order to get it ready to sell to Stephenson. Beck agreed, and Young took the guitar home.

A week or two later, Beck saw Young and asked whether Stephenson had purchased the guitar. Young replied that there had been no purchase and that he had returned the guitar to the store. Later Beck took an inventory and discovered that the guitar was missing. In the meantime, Young was using the guitar to give lessons to one of Stephenson's daughters. On March 11, 1982, Stephenson entered into a deal with Young whereby Young purchased from Stephenson beauty supplies and cleaning products for $106.54. In return, Stephenson purchased the guitar from Young for

$149.95. Stephenson delivered a check to Beck for the difference over the cost of the goods purchased by Young in the sum of $43.46.

Although Young contended that the full amount of $149.95 (the Stephenson check for $43.46, plus a check from Young for $106.54) was attempted to be delivered to Beck, Beck testified no such attempts were made.

In May 1982, Stephenson came to the Village Music store looking for Young. There Beck, questioning Stephenson, learned that Young had sold the guitar to Stephenson. The criminal charges against Young ensued.

Young raises two issues on appeal: (1) That the jury should have been instructed as to the lesser-included offense of misdemeanor theft; and, (2) that the evidence for the jury to find a value of the guitar, strap and case in excess of $150.00 was insufficient to justify the verdict.

We dispose of this case on the ground that the District Court should have instructed the jury on the lesser-included offense of misdemeanor theft.

We summarize the evidence on the value of the guitar, strap and case as follows: The manufacturer's suggested retail price of the guitar, strap and case was $183.00. When Beck made sales through employees, those sales were made on a commission basis. The employees had a 20 percent discount from list price within which to make a sale. The difference between the 20 percent discount price and the final purchaser's price was the employee's commission. Thus, in this case, Beck would have ratified any sale made by Young less than $36.60 from the suggested retail price. If Young had an offer to sell the materials at less than 20 percent discount, he had to have the approval of Beck. Young

actually sold the guitar to Stephenson for $149.95, within the discount range. The replacement cost of the guitar, strap and case to Beck was approximately $100.00.

At the time for settlement of the instructions during the trial, defendant Young offered his instruction no. 10 which would have instructed the jury that if there was reasonable doubt as to whether he was guilty of a given offense or one or more lesser-included offenses, Young could only be convicted of the greatest-included offense about which there was no reasonable doubt. Section 46-16-602, MCA. When this instruction was offered, the following colloquy between court and counsel occurred:

". . . I am going to refuse number 10 because there was no greater or lesser included in this. It's either a felony or it's nothing.

"MR. DRIVENESS: [Counsel for the State] Well, Your Honor, we have talked about that. It's my opinion that there is an element that is not listed in the offense, but it is in the whole statute, and that's the value, and I think it's a jury question for them to determine the value. Therefore it's a lesser included offense.

"THE COURT: The way the State has brought the prosecution, you have prosecuted a felony over a hundred and fifty (150). You have to prove that. If you don't prove it, it fails. It's up to the jury. If the jury finds it's less than a hundred or a hundred and fifty or less, then they are going to acquit. If you wanted a misdemeanor, you should have charged the guy with a misdemeanor.

"MR. DRIVENESS: We couldn't charge him with both, could we?

"THE COURT: Not in District Court. No.

"MR. DRIVENESS: Then we are foreclosed from having a finding that he is guilty of a misdemeanor?

"THE COURT: That's right. You have alleged a felony and I don't consider that a misdemeanor is a lesser included under the circumstances because the cutoff is a hundred and fifty (150) or less for a misdemeanor, and your obligation is to prove that it was over a hundred and fifty (150). That's the way I am looking at it. It will go straight on a

- 4 -

felony.   He is either convicted or acquitted. Okay.. . ."

Young contends that under the evidence on value in this case the jury could rationally have found that the value of the guitar, strap and case did not exceed $150.00 and in that situation, the jury should have been allowed to consider whether he committed the crime of misdemeanor theft.   Young relies on Keeble v. United States (1973), 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844; Sansone v. United States (1965), 380 U.S. 343, 349, 85 S.Ct. 1004, 13 L.Ed.2d 882; Berra v. United States (1956), 351 U.S. 131, 134, 76 S.Ct. 685, 100 L.Ed. 1013, to the effect that the defendant is entitled to instruction on a lesser-included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.   Keeble, supra, 412 U.S. at 208, 93 S.Ct. at 1995, 36 L.Ed.2d at 847.   Young further relies on our decisions in State v. Taylor (1973), 163 Mont. 106, 515 P.2d 695; State v. Buckley (1976), 171 Mont. 238, 557 P.2d 283; State v. Radi (1978), 176 Mont. 451, 578 P.2d 1169; and State v. Jackson (1979), 180 Mont. 195, 589 P.2d 1009.   He cites Taylor, supra, to the effect that the District Court is bound to instruct the jury on the lesser-included offense since the weight to be given the evidence is a question for the jury.   Taylor, supra, 163 Mont. at 115, 515 P.2d at 701.

The State responds that the evidence in this case is that the guitar, strap and case had a value in excess of $150.00, namely $183.00, and that the conviction cannot be overturned in the light of that evidence.   The State further contends that at the time that defendant offered proposed instruction no. 10 and it was rejected by the trial court,

- 5 -

Young should have then made further objections or offered further instructions.

It is evident from the foregoing colloquy between court and counsel at the time Young's instruction no. 10 was offered that the court assumed that if the value of the items did not exceed $150.00, beyond a reasonable doubt, the jury would acquit the defendant, and thus the defendant was not entitled to instructions on lesser-included offense. This assumption, however, was answered in Keeble, supra, with the Supreme Court saying:

> ". . . A defendant is entitled to a lesser offense instruction . . . precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory."  412 U.S. at 212, 93 S.Ct. at 1998, 36 L.Ed.2d at 850.

> Section 46-16-602, MCA, provides:

> "When it appears beyond a reasonable doubt that the defendant has committed an offense but there is reasonable doubt as to whether he is guilty of a given offense or one or more lesser included offenses, he may only be convicted of the greatest included offense about which there is no reasonable doubt."

Under our statutes, a person who commits the offense of theft of property commits a felony if the property exceeds $150.00 in value, but a misdemeanor if the property is valued at $150.00 or less. Section 45-6-301(5), MCA.

"Value" is defined as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of the replacement of the property within a reasonable time after the crime." Section 45-2-101(69)(a), MCA.

Since value is an element of the crime of theft, and is a fact question, the question of value must be decided by the jury. Section 46-16-103(2), MCA. Even though the District Court here may have considered the evidence of value less

- 6 -

than $150.00 weak and inconclusive, it was still bound to instruct the jury on the lesser-included offense of misdemeanor theft, since the weight to be given to the evidence is a question for the jury. State v. Taylor, supra, 163 Mont. at 115, 515 P.2d at 701.

The State further contends that Young's counsel did not object to the refusal of instruction no. 10 and therefore may not raise the issue on appeal. That is not a correct interpretation of criminal procedure. It is, of course, the duty of counsel for the parties to object with specificity to instructions which are offered by the other side in criminal cases. Section 46-16-401(4)(b), MCA. When, however, a party's offered instructions are refused by the court in criminal cases, there is no duty on the part of that party's counsel to make further objections for the record. No exceptions are necessary to the rulings of the court on the settlement of instructions. Section 46-16-402(4)(c), MCA.

Young's counsel did not offer any further instruction to the District Court on the lesser-included offense of misdemeanor theft. It is apparent, however, that the District Court would have refused such instructions.

On the basis therefore, that under the evidence of this case the defendant was entitled to instructions on the lesser-included offense of misdemeanor theft, we reverse the conviction of the defendant for felony theft and remand the case for a new trial.

John C. Sheehy
Justice

- 7 -

We Concur:

_John Conway Harrison_

_Daniel J. Shea_

_Fred J. Weber_

_L. C. Gulbrandson._
Justices