No. 84-148

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

STEVEN J. FOX,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Karl Knuchel, Public Defender, Livingston, Montana

      For Respondent:

          Hon. Mike Greely, Attorney General, Helena, Montana
Wm. Nels Swandal, County Attorney, Livingston,
Montana

_____

Submitted on Briefs:  July 26, 1984

Decided:  October 11, 1984

Filed:  OCT 11 1984

*Ethel M. Harrison*
—————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, Steven J. Fox, was convicted by a jury in the Sixth Judicial District, Park County, of felony theft. The Honorable Byron L. Robb sentenced appellant to four years at the Montana State Prison in Deer Lodge with dangerous offender status. From that conviction he now appeals. We affirm.

## Issues

(1) Whether the District Court abused its discretion by admitting into evidence State's exhibits four through nine.

(2) Whether there was substantial evidence presented upon which the jury could determine the value of the items taken by appellant exceeded $150.

## Facts

Appellant Fox and victim Barnhart were cellmates in the Park County jail. When Barnhart began asking questions about making bail, Fox quizzed him about his personal property. Fox was subsequently released but Barnhart remained incarcerated. Fox went to Barnhart's apartment building and talked the landlady into giving him the key to Barnhart's apartment. Fox testified he merely opened the door to Barnhart's apartment while his accomplice went inside to steal Barnhart's property. Another witness testified Fox actually entered the apartment and helped carry away the stolen items. This discrepancy is not at issue on appeal however; in either case Fox was properly charged with felony theft.

Fox sold some of the seven items taken from Barnhart's

apartment to his accomplice's mother. When a house guest cautioned her the items she had bought might be stolen, she delivered them to Livingston Police Department Officer Curt Logan.

Officer Logan marked six items with evidence tags: (1) a Commodor Vic 20 computer; (2) a power transformer for the computer; (3) a Wico command control or "joy stick;" (4) a Mattel IntelliVoice synthesizer module; (5) an Intellivision electronic game; and (6) a Commodore Vic 20 1540 disc drive. Items 4, 5 and 6 were returned to Barnhart by another officer before trial. Barnhart signed a receipt but not the evidence tags. He loaned the disk drive to a relative and was unable to produce it at trial. Barnhart identified all of the computer related items admitted into evidence as State's exhibits one through five and nine. State's exhibits six through eight were the evidence tags Officer Logan had affixed to the three items that had been returned to Barnhart. The tags identified the disc drive, electronic game and IntelliVoice by name and serial number. The seventh item, apparently not marked with an evidence tag, was an electric guitar.

Barnhart testifed as to the purchase price and condition of his property. Without objection, Nancy Growney, the operator of a retail computer store, testified as to the value of the used computer items.


I

Appellant first asserts as error the admission of State's exhibits four through nine. Appellant contends the chain of possession was broken between the time the police

first took possession of the items and the time of trial. Because there was no proof of absolute physical control of the evidence at every moment in time from the time the police first took possession of the evidence until the time of trial, appellant claims chain of possession was incomplete and therefore the District Court erred by admitting it into evidence over the objection of counsel for appellant.

It is well settled law in Montana that the determination whether a proper foundation has been laid for the introduction of exhibits into evidence rests with the trial court and its determination will not be overturned on appeal unless there is a clear abuse of discretion. State v. McKenzie (1980), 186 Mont. 481, 608 P.2d 428, certiorari denied, 449 U.S. 1050, 101 S.Ct. 626, 66 L.Ed.2d 507. Furthermore, "If an exhibit has been shown to be connected with the crime and identified as such, it is sufficient." McGuinn v. State (1978), 177 Mont. 215, 221, 581 P.2d 417, 421. In the instant case, each exhibit was identified by the victim as belonging to him. The objected-to pieces of evidence were of such a nature as to be readily and easily identifiable by their owner.

There are essentially two recognized methods of identifying physical evidence: ready identification and chain of custody. The former method is used when the article has a unique characteristic that makes it readily identifiable. The exhibits in the instant case lend themselves to ready identifiability; the computer components had Canadian stock stickers attached to them and one component had even had its sticker realigned in a unique

manner by Barnhart. The guitar too, was very unique and easily identifiable.

In his book on evidentiary foundations, Imwinkelried assures us that when introducing a readily identifiable piece of evidence, "the foundation is complete so long as the witness testifies that he or she previously observed the characteristic and presently recalls the characteristic." E. Imwinkelried, Evidentiary Foundations (1980), at p. 81. Only when the evidence is so commonplace as to be non-unique or when the witness has failed to observe its uniqueness is it necessary to lay a chain of custody foundation. Here, the ready identifiability foundation was proper and was correctly laid by respondent. Based on the foregoing, it is our finding that substantial credible evidence was presented to enable the trial court judge to exercise sound discretion in deciding whether the proper foundation was laid.

II

The appellant also presents for our review the issue of whether there was substantial evidence before the jury to enable them to convict him of felony theft rather than misdemeanor theft.

Appellant argues the value of the evidence did not exceed $150 and thus he is guilty only of misdemeanor theft. We disagree.

Nancy Growney, who operates a computer store in Livingston, testified for the State as to the minimum worth of several of the items in question. It was her expert opinion that the computer was worth at least $82, the disc drive worth at least $150 and the joy stick worth at least

$10. Added together the value of those three items equals $242. That amount is clearly sufficient to sustain a conviction of felony theft. No substantial counter evidence was offered by appellant to dispute Growney's testimony. We hold there was sufficient evidence before the jury to convict appellant of felony theft.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices