No. 87-167

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

　　　　　Plaintiff and Respondent,

　　-vs-

RONALD ALBERT KEUP,

　　　　　Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

　　For Appellant:

　　　　Richard J. Carstensen, Billings, Montana

　　For Respondent:

　　　　Hon. Mike Greely, Attorney General, Helena, Montana
　　　　Joe Roberts, Asst. Atty. General, Helena
　　　　Harold Hanser, County Attorney, Billings, Montana
　　　　Brent Brooks, Deputy County Atty., Billings

Submitted on Briefs: July 14, 1987

Decided: August 20, 1987

Filed: AUG 20 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

Defendant appeals a verdict of misdemeanor assault, § 45-5-201(1)(d), MCA, in the District Court of the Thirteenth Judicial District in and for the County of Yellowstone. The conviction was the result of a trial de novo from similar conviction in Yellowstone County Justice Court. Defendant also appeals the District Court's denial of a motion for new trial.

Defendant was fined $500, sentenced to six months in jail with all but five days suspended and ordered to sell his firearms and donate the proceeds to charity. We affirm the District Court.

Defendant claims on appeal that the District Court erred when it denied his motion to dismiss the case at conclusion of State's evidence. He argues that there was insufficient evidence on which a reasonable trier of fact could have found the defendant guilty. He also appeals the District Court's decision not to allow the defendant to testify as to buckshot found in the defendant's yard. Defendant intended to use this evidence to show that he shot into the ground, not in the direction of the complaining witness, Carolyn Pederson.

The facts in this case are relatively simple. Ms. Pederson had recently moved to a duplex next to the defendant. Ms. Pederson had two dogs, which she left confined to the backyard while she was at work. On December 23, 1985, Ms. Pederson arrived home at approximately 9:30 p.m. to find the defendant's wife waiting to complain about the noise of the dogs. Ms. Pederson proceeded to her backyard to unleash the dogs so as to put them in the garage and away from the defendant's property. She testified that

2

as she was standing next to the larger dog, she turned around and saw a rifle barrel protruding from the defendant's door, some thirty yards away. She later testified that although she could not see who was holding the rifle, the barrel was pointed at her. Ms. Pederson testified the rifle was then fired and she heard a male voice say, "This is my doggie barking. This is my doggie barking." She retreated to her house and eventually authorities were summoned and the defendant was arrested.

Another neighbor, John Daubert, who was generally aware of the problem defendant had with the dogs, testified that when he heard the shot he told his wife "he [Keup] probably shot the dog." In addition, the State called Peggy Zielie, a business acquaintance of the defendant, who testified that the defendant had asked her to testify in this matter. At trial she said "he had grabbed his gun and shot at the dog."

Defendant testified that he was awakened by the noise of the dogs and went to the backdoor to see what was occurring. He testified that he saw a "big white [dog] lunging against the chain and I could see she was releasing him and he was coming straight to me . . . I was afraid he was going to get loose and get out of her control." He testified that he then "fired a shot into the ground" outside his door to "dissuade" the dog. He later testified that he did not recognize Ms. Pederson at the time, he saw "just a form, an outline." He testified that he did not intend to harm Ms. Pederson, that the dog calmed down and he went back to bed.

Defendant was charged with violating § 45-5-201(1)(d), MCA. That subsection reads:

> A person commits the offense of assault if he:
>
> . . .

(d) purposely or knowingly causes reasonable apprehension of bodily injury in another. The purpose to cause reasonable apprehension or the knowledge that reasonable apprehension would be caused shall be presumed in any case in which a person knowingly points a firearm at or in the direction of another, whether or not the offender believes the firearm to be loaded.

Defendant's first argument is that the District Court should have dismissed the case because the State failed to prove the elements of the crime. This argument is meritless. The State demonstrated that Ms. Pederson saw a rifle pointed at her from inside defendant's home, that a shot was fired and that at the time of the shooting Ms. Pederson was standing near her dogs. The State offered evidence from Daubert and a county sheriff's deputy that the general area was well lit. Ms. Zielie's testimony shows that the defendant admitted he fired at the dogs, near where Ms. Pederson was standing.

Section 46-16-403, MCA, entitles the District Court to dismiss a case at the end of the State's case, or to grant such a defense motion, when such evidence is insufficient to support a verdict of guilty. The decision whether to grant a motion to dismiss lies solely in the sound discretion of the trial court and that decision will not be disturbed unless an abuse of judicial discretion is shown. State v. Gonyea (Mont. 1987), 730 P.2d 424, 426, 44 St.Rep. 39, 42; State v. Doney (Mont. 1981), 636 P.2d 1377, 1381, 38 St.Rep. 1707, 1711; State v. White Water (Mont. 1981), 634 P.2d 636, 637, 38 St.Rep. 1664, 1666; State v. Hart (Mont. 1981), 625 P.2d 21, 28, 38 St.Rep. 133, 139, cert. denied 454 U.S. 827, 102 S.Ct. 119, 70 L.Ed.2d 102.

4

The District Court did not abuse its discretion. The evidence offered by the State in this case was sufficient to convince a rational trier of fact that defendant did fire at the dog, that Ms. Pederson was standing next to the dog, that she was aware a shot had been fired in her direction. Such evidence satisfies this Court's standard of review for sufficiency of evidence:

> Whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

State v. Kutnyak (Mont. 1981), 685 P.2d 901, 910, 41 St.Rep. 1277, 1288-89. See Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573.

Defendant asserts the evidence is insufficient since Pederson claimed she saw a rifle and he testified he fired a "snakeload" of BB's with a derringer, although there were two rifles in the house. Defendant claims such a shot from the derringer would have been harmless thirty feet away.

Even assuming the defendant is correct in these assertions of fact, he is still guilty of assault under the law. Section 45-5-201(1)(d) makes it an offense to point a firearm, be it a high powered rifle or a tiny derringer, in the direction of another, regardless of whether the firearm is loaded, so as to cause apprehension of bodily injury in that other person. The jury may use common experience to conclude that a person would experience fear in a given situation. State v. Lewis (Mont. 1986), 715 P.2d 1064, 1067, 43 St.Rep. 492, 495; State v. Case (Mont. 1980), 621 P.2d 1066, 1069, 37 St.Rep. 2057, 2059-60.

Defendant's second basis for appeal is similarly without merit. He argues that the buckshot the defendant later located in his yard is physical evidence capable of

5

proving the fact that defendant did not fire in the direction of Ms. Pederson. He further claims that the testimony of defendant and another proposed witness is sufficient foundation for this physical evidence. Such is patently not the case.

Section 26-1-201, MCA, vests in the District Court the authority to admit or to reject any evidence that lacks proper foundation. State v. Austad (1982), 197 Mont. 70, 94, 641 P.2d 1373, 1386. Where the proposed exhibit is not properly linked to the event in dispute, the District Court is free to refuse admission of the exhibit. State v. Fox (Mont. 1984), 689 P.2d 252, 254, 41 St.Rep. 1884, 1886. In the present case, the District Court concluded that the BB pellets lacked any probative value since no ballistics tests were conducted and the pellets could not be tied to the alleged weapon or the alleged time and place of the incident except by the defendant's testimony.

Coupled with the fact that the defendant did not notify the State of such evidence until less than a week before trial, the court decided to grant the State's motion in limine to exclude such evidence. We fail to see any abuse of discretion by the trial court; defendant attempted to introduce tangible evidence after the thirty-day notice period set forth in § 46-15-323(4)(c), MCA, and he was unable to vouch for it to the trial court's satisfaction. Such evidence is properly excludable and does not form any grounds for a demand to a new trial.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7