No. 99-025

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 318

297 Mont. 270

993 P.2d 9

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRIAN DOYLE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ronald L. Bissell, Public Defenders Office, Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General; Helena, Montana

Brant S. Light, Cascade County Attorney, Great Falls, Montana

---

Submitted on Briefs: December 9, 1999

Decided: December 22, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶ Appellant Brian Doyle (Doyle) appeals from his conviction for felony theft (common scheme) in the Eighth Judicial District Court, Cascade County. We affirm.
2. ¶ Doyle raised three issues on appeal; however, in his reply brief, he abandoned two of the issues, leaving the following issue as dispositive:
3. ¶ Did the State establish that Doyle had deprived the owner of the property in question in violation of § 45-6-301(2), MCA?
4. ¶ Doyle worked for Hamid Basirat (Basirat) as a vacuum cleaner sales representative for the Electrolux Corporation. Electrolux had a policy that if a sales representative believed that he or she had a prospective sale for a unit, the sales

representative could check out a vacuum for up to thirty days, take it to the customer for demonstration, trial, and possibly sale. If the sale was not consummated, the vacuum was to be returned to the employer.

5. ¶ Basirat reported to the police that Doyle had taken several vacuum cleaners and one shampoo unit worth a total of $3,950 and had pawned them for cash at various pawn shops in the Great Falls area. Doyle admitted that he had pawned the vacuum units to pay bills and to gamble. The investigating officer went to each of the various pawn shops and put a hold on the pawned vacuums. Each time Doyle had pawned a vacuum, he had declared on the corresponding pawn slip that he was its lawful owner. On one prior occasion, Doyle showed Basirat pawn tickets indicating that Doyle had pawned several vacuums. Basirat subsequently called the police who gave Doyle the opportunity to return the vacuums under threat of prosecution. Doyle complied and was neither prosecuted nor fired from his job. On the occasion in question, Basirat gave Doyle the same opportunity to return the vacuums and Doyle replied, "[j]ust do whatever you want to do" and failed to return the units.

6. ¶ Doyle challenges the sufficiency of the evidence supporting his conviction. He contends that there was insufficient evidence to prove that he deprived the owner of the property in question. This Court reviews the sufficiency of the evidence to determine whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Osborne, 1999 MT 149, ¶ 35, 982 P.2d 1045, ¶ 35, 56 St.Rep. 589, ¶ 35. The State charged Doyle with felony theft (common scheme) in violation of § 45-6-301(2)(a), MCA. The applicable provision of that statute provides:

A person commits the offense of theft when the person purposely or knowingly obtains by threat or deception control over property of the owner and:

(a) has the purpose of depriving the owner of the property[.]

7. ¶ The evidence at trial showed was that Basirat gave his employees permission to check out vacuums for the limited purpose of selling them. There was no proof or suggestion that Basirat allowed his employees to pawn any of the equipment. The State contends that the evidence established that Doyle deceived his employer by checking out the vacuums, claiming that he had a sale for each unit. Then, knowing that Basirat had told him not to do so, he purported to be the owner of the vacuums and pawned them for cash.

8. ¶ Doyle contends that he intended to return the vacuums within the thirty-day check out period, as he had done in the past, and that he would have done so had the criminal charges not been filed before the thirty days had expired. Thus, he argues that he had no intent to permanently deprive the owner of the vacuums.

9. ¶ The term "deprive," as used in the theft statute, is not limited to permanent deprivations. Section 45-2-101(19), MCA. Rather, deprivation can occur in any one of four ways. *See* State v. Ferrel (1984), 208 Mont. 456, 464, 679 P.2d 224, 228. Proof of just one definition is sufficient for finding the crime of theft. *See* State v. Johnson (1982), 199 Mont. 211, 219, 646 P.2d 507, 511. "Deprive" includes withholding "property of another . . . for such a period as to appropriate a portion of its value[.]" Section 45-2-101(19)(a)(ii), MCA.

10. ¶ In the present matter, Doyle held himself out as owner of the vacuums, pawned the units, and thereby secured cash loans. Once pawned, the units were held by the pawn broker unless and until Doyle redeemed them. In the interim, Basirat and Electrolux were deprived of any opportunity to sell the units and derive any income therefrom. In pawning the vacuums, Doyle withheld the property of the owner for a sufficient period of time to appropriate some of its value. In State v. Long (1987), 227 Mont. 199, 738 P.2d 487, the owner of a boat gave it to the defendant to repair and use for a few months under an agreement which provided that the repairs would be made in the state of Washington. The owner allowed Long to take the boat for purposes of having it repaired, using it for a few months, and then returning it. *Long*, 227 Mont. at 200, 738 P.2d at 488. Long, knowing that the owner did not want the boat taken out of the state of Washington, nevertheless took the boat to Montana. *Long*, 227 Mont. at 200, 738 P.2d at 488. Long was charged with theft of the boat under § 45-6-301(1)(a), MCA. *Long*, 227 Mont. at 201, 738 P.2d at 488. In seeking to withdraw his guilty plea as involuntary, Long argued that he had no intention to "deprive" the owner of the boat; that he fully intended to return it to the owner. *Long*, 227 Mont. at 201, 738 P.2d at 489. In affirming the district court we held that, by removing the boat from the state of Washington, Long "withheld the property for a sufficient period to appropriate a portion of its value" so far as the record owner was concerned. *Long*, 227 Mont. at 204, 738 P.2d at 490-91.

11. ¶ Doyle went even further than Long in appropriating a portion of the value of the property. While Long merely removed the boat from the state of Washington with the intent to return it, Doyle purported to be the owner of the vacuums, pledged them as security for a loan, and thereby placed them at risk of forfeiture. Doyle thus withheld the property for a sufficient period to appropriate a portion of the value of the property and thereby used the property for the purpose of "depriving" the owner

of the property in violation of § 45-6-301(2), MCA.

12. ¶ Having reviewed the evidence in the light most favorable to the prosecution, we determine that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

13. ¶ Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER