No. 01-770

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 82

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

NATHANIEL COLE  PITZER,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade,
                    The Honorable Kenneth R. Neill, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Carl Jensen, Attorney at Law, Great Falls, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Pamela D. Bucy,
                Assistant Attorney General, Helena, Montana

                Brant Light, Cascade County Attorney; John Parker, Deputy
                County Attorney, Great Falls, Montana


                        Submitted on Briefs:  February 28, 2002

                              Decided:  April 30, 2002

Filed:

_____
                           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Nathaniel Cole Pitzer (Pitzer) appeals from the Judgment of Conviction and Sentence entered by the Eighth Judicial District Court, Cascade County, on a jury verdict finding him guilty of the offense of felony theft.  We affirm.

¶2    The sole restated issue on appeal is whether sufficient evidence supports the verdict convicting Pitzer of felony theft.

## BACKGROUND

¶3    Pitzer was arrested in early December of 1999 in Great Falls, Montana, for attempting to pawn an oboe that had been stolen by an unknown person from a local music store the previous day.  The State of Montana (State) filed an information on December 9, 1999, charging Pitzer with felony theft by knowingly obtaining control over stolen property valued at more than $1,000 with the purpose of depriving the owner of the property.

¶4    The case proceeded to a jury trial during which the victim of the alleged theft, Gerald Whiteman (Whiteman),  testified regarding the events surrounding the theft of the oboe and its recovery the following day in a Great Falls pawnshop.  Whiteman also testified regarding his credentials as a music teacher and instrument salesman.  He estimated the value of the stolen oboe at between $2,500 and $3,000.

¶5    The jury subsequently convicted Pitzer of the charged offense and the District Court sentenced him to the Department of Corrections for a term of five years, suspended on conditions.  Pitzer appeals.

## DISCUSSION

¶6    Does sufficient evidence support the verdict convicting Pitzer of felony theft?

¶7    The theft charge against Pitzer was filed pursuant to § 45-6-301(3)(a), MCA (1999). The State alleged that the value of the property at issue exceeded $1,000.  The value of the property taken is an essential element of the offense which the State must prove beyond a reasonable doubt in a felony theft case.  *See State v. Martin*, 2001 MT 83, ¶ 60, 305 Mont. 123, ¶ 60, 23 P.3d 216, ¶ 60 (citation omitted).

¶8    Pitzer's sole challenge to the sufficiency of the evidence to support his conviction relates to the State's proof of the value of the stolen oboe.  We review the sufficiency of evidence in a criminal case to determine whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See State v. Doyle*, 1999 MT 318, ¶ 6, 297 Mont. 270, ¶ 6, 993 P.2d 9, ¶ 6 (citation omitted).

¶9    Section 45-2-101(76)(a), MCA (1999), defines "value" as "the market value of the property at the time and place of the crime . . . ."  Pitzer cites to *State v. Pierce* (1992), 255 Mont. 378, 842 P.2d 344; *State v. Fox* (1984), 212 Mont. 488, 689 P.2d 252; and *State v. Dess* (1984), 207 Mont. 468, 674 P.2d 502, as examples of cases in which this Court determined sufficient evidence existed to establish the value of stolen items. The problem is that those cases support the sufficiency of the evidence in the present case.

¶10   In *Pierce*, the witness testifying as to the value of stolen antiques was a local school teacher and part-time antique dealer.  We held any rational trier of fact could have found the retail value assessed by a local antique dealer was in fact the market value of the stolen

3

goods. *Pierce*, 255 Mont. at 383, 842 P.2d at 347, 348. In *Fox*, a computer store operator testified regarding the minimum worth of several items of used computer equipment stolen from an apartment. The appellant presented no substantial counter evidence. We concluded the computer store operator's value testimony was sufficient to support the jury's conviction of appellant for felony theft. *Fox*, 212 Mont. at 492, 689 P.2d at 254. Finally, in *Dess*, two witnesses testified regarding the value of stolen bicycles. The first owned a cyclery and had two years of experience in buying and selling new and used bicycles, and the second had five years of nonprofessional experience in repairing bicycles. *Dess,* 207 Mont. at 471, 674 P.2d at 504.

¶11     In the present case, Whiteman testified he has been a music educator for 37 years, played the oboe in college and is qualified to teach oboe, bassoon and all double reed and woodwind instruments. Whiteman also testified that he had been employed as a music consultant in Great Falls for two years prior to the theft, and that his duties included teaching private lessons; coordinating with school districts in the area; and acting as a music adjudicator, guest conductor and salesman of musical instruments. Moreover, Whiteman presented detailed information regarding his oboe, as contrasted with other oboes on the market, which enhanced its value and supported his valuation. For example, he testified the oboe was made by Linton--a company which no longer produces oboes--during the early 1960s and that the instrument is made of Granadilla wood which is indigenous to South America. He also testified as to the differences between silver plated and sterling silver keys, the open hole and plateau key systems and how many octave and trill keys the oboe has, all

4

of which relate to the value of the oboe.  Pitzer did not present evidence in support of a lower valuation for the oboe.

¶12     Pitzer does not attempt to distinguish Whiteman's background and experience with musical instruments from the background and experience of the valuation witnesses in *Pierce*, *Fox*, and *Dess*.  His contention is that the State could meet its burden of proving the value of the oboe beyond a reasonable doubt only by presenting an "independent valuation" rather than a valuation from the owner.  However, he advances no authority in support of this contention as required under Rule 23(a)(4), M.R.App.P., and we decline to address it further.

¶13     The weight of the evidence and the credibility of the witnesses are exclusively within the province of the trier of fact.  *Pierce*, 255 Mont. at 383, 842 P.2d at 347 (citation omitted).  Consequently, the jury was free to rely upon Whiteman's extensive experience with musical instruments and to accept Whiteman's testimony regarding the unique features of the oboe and their enhancement of the instrument's value.  Accordingly, we conclude that, viewing the evidence in the light most favorable to the prosecution, sufficient evidence existed from which a jury could find, beyond a reasonable doubt, that the value of the stolen oboe exceeded $1,000.

¶14     Affirmed.


                                                          /S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

5

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE