DA 06-0811

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 61N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KENNETH INGRAM,
a/k/a KENNETH IRVIN IGRAHAM,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DC 04-15,
Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Sunday Z. Rossberg, Rossberg Law Office, L.L.C., Great Falls, Montana

      For Appellee:

          Honorable Mike McGrath, Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          Mary Ann Ries, County Attorney, Conrad, Montana

Submitted on Briefs:  January 23, 2008

Decided:  February 20, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Appellant Kenneth Ingram (Ingram) appeals from the order of the Ninth Judicial District Court, Pondera County, denying his motion to dismiss on the basis of double jeopardy.  We affirm.

¶3      On May 14, 2004, Troy Shirley (Shirley) returned home and discovered Ingram and two minor boys in his barn holding various items Shirley recognized as his property. Among these items were several saddles, blankets, drill bits, and a socket set.  An argument and scuffle ensued causing Ingram and the boys to drop the items and flee. Ingram was later arrested and charged with felony theft in violation of § 45-6-301, MCA (2003).  A jury trial was held on April 13, 2005.  At trial, Shirley identified the stolen property and testified about its value.  The property included four saddles worth a total of $1,275, various tools with a combined worth of $175, and six blankets worth $250.  The total value of the property was $1,700.  Shirley testified that the values he assigned the property were "pretty accurate figure[s] of what it cost [him]" when he bought the property and that the saddles had been worked on "extensively" each year in order to maintain them in good working order.  He stated that he thought it "would cost [him]

2

more to replace" the saddles. Shirley's testimony regarding the value of the property was uncontroverted. The jury subsequently found Ingram guilty of theft.

¶4    On April 25, 2005, prior to sentencing, the District Court *sua sponte* ordered a new trial on the basis that the jury had not been properly instructed about the lesser included offense of misdemeanor theft and the definitions of "control" and "value." Thereafter, on May 10, 2005, Ingram filed a motion to dismiss on the ground that the State "failed to prove . . . that the market value of the property was in excess of $1000.00" and that a second trial would violate Ingram's right against double jeopardy. The District Court denied the motion.

¶5    On March 16, 2006, Ingram filed a petition for writ of supervisory control and stay of execution with this Court, arguing that a second trial would constitute "impermissible double jeopardy." After reviewing the State's response, we concluded that original jurisdiction was unwarranted. In our order, we declined to comment on the merits of the State's evidence, stating that the order did not "establish any 'law of the case' as to such evidence on re-trial." A second trial was held September 6, 2006, and Ingram was again found guilty of felony theft. Ingram appeals.

¶6    Ingram asserts that the State, during the first trial, did not meet its burden of establishing that the stolen property was worth more than $1,000. Therefore, Ingram contends that the second trial violated double jeopardy. The State argues that Ingram raised the double jeopardy argument in his petition for writ of supervisory control and we should decline to hear this appeal on the basis of *res judicata*. In the alternative, the State contends that the value evidence presented in the first trial was sufficient to submit the felony theft charge to the jury.

3

¶7    A district court's denial of a motion to dismiss in a criminal case is a conclusion of law which we review de novo. *State v. Mallak*, 2005 MT 49, ¶ 13, 326 Mont. 165, ¶ 13, 109 P.3d 209, ¶ 13. This includes a district court's conclusion that there was sufficient evidence to convict. *State v. Swann*, 2007 MT 126, ¶ 19, 337 Mont. 326, ¶ 19, 160 P.3d 511, ¶ 19. When determining the sufficiency of the evidence we view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Pitzer*, 2002 MT 82, ¶ 8, 309 Mont. 285, ¶ 8, 46 P.3d 582, ¶ 8.

¶8    Where the State fails to present sufficient evidence to support the charge, a second trial for the same offense violates double jeopardy. *State v. Furlong*, 213 Mont. 251, 258, 690 P.2d 986, 990 (1984). Pursuant to § 45-6-301(8)(b), MCA (2003), felony theft is "theft of property exceeding $1,000 in value . . . ." Value is defined as the "market value of the property at the time and place of the crime or, if the market value cannot be satisfactorily ascertained, the cost of the replacement of the property within a reasonable time after the crime." Section 45-2-101(76)(a), MCA (2003). Uncontroverted victim testimony regarding the value of stolen property is sufficient to establish value. *State v. Hall*, 2003 MT 253, ¶ 37, 317 Mont. 356, ¶ 37, 77 P.3d 239, ¶ 37. Ingraham's arguments that there was insufficient evidence to support a value of $1,000 are unavailing. Shirley's testimony during the first trial provided evidence that the stolen property was worth more than $1,000. No other evidence of value was presented and Shirley's valuation remained unchallenged. Viewing Shirley's testimony in the light most favorable to the prosecution, we conclude that a rational trier of fact could have determined, beyond a reasonable doubt, that the value of the property exceeded $1,000, as required by § 45-6-301(8)(b),

4

MCA (2003). *See Pitzer*, ¶ 8. Accordingly, the State presented sufficient evidence and the second trial, ordered because of incomplete jury instructions, did not violate double jeopardy. We do not consider herein our order entered in denial of the petition for supervisory control.

¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the verdict is supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶10 We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS